UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TING YAO LIN, FANG LIN, SHENG LAN LI, MU LEI
XIE, TING JIA XIE, and XIE XIN YONG,

        Plaintiffs,

        v.

HAYASHI YA II, INC. d/b/a HAYASHI YA, HAYASHI
YA OF 9 AVENUE, LLC d/b/a HAYASHI YA, FENG
LIN, and YANG QING,

        Defendants.

------------------------------------------------------------X

Civil No.

COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiffs are former employees of Defendants, who owned and operated a sushi restaurant in Manhattan, New York.

2. Although Plaintiffs regularly worked in excess of ten hours per day, six days per week, Defendants failed to pay Plaintiffs minimum wages, overtime wages, or spread-of-hours wages as required under federal and New York state law. Defendants failed to reimburse Plaintiffs for the costs of purchasing and maintaining required delivery bicycles and other business expenses, in violation of federal and New York state law. In addition, Defendants withheld parts of Plaintiffs' tips, in violation of New York state law. Finally, Defendants fired Plaintiffs in retaliation for asserting their rights under federal and state wage and hour laws.

3. Plaintiffs bring their claims for the period from approximately January 2006 to approximately January 2008.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' federal claims pursuant to the Fair

1

Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

### Plaintiffs

7. Plaintiff Ting Yao Lin was employed by Defendants as a delivery worker from approximately January 2006 until he was discharged in approximately January 2008.

8. Plaintiff Fang Lin was employed by Defendants as a sushi chef from approximately June 2004 until he was discharged in approximately January 2008.

9. Plaintiff Xie Xin Yong was employed by Defendants as delivery coordinator from approximately January 2006 until he was discharged in approximately January 2008.

10. Plaintiff Mu Lei Xie was employed by Defendants as a delivery worker from approximately April 2007 until he was discharged in approximately January 2008.

11. Plaintiff Ting Jia Xie was employed by Defendants as a delivery worker from approximately November 2003 until he was discharged in approximately January 2008.

12. Plaintiff Sheng Lan Li was employed by Defendants as a waitress and cashier from approximately November 2005 until she was discharged in approximately January 2008.

### Defendants

13. Defendant Hayashi Ya II, Inc. is a corporation organized under the laws of New York and is located at 857 Ninth Avenue, New York, NY 10019. On information and belief,

2

Defendant Hayashi Ya II, Inc. does business as "Hayashi Ya," a sushi restaurant located at 857 Ninth Avenue, New York, NY 10019.

14. Defendant Hayashi Ya of 9 Avenue, LLC is a limited liability company organized under the laws of New York and is located at 857 Ninth Avenue, New York, NY 10019. On information and belief, Defendant Hayashi Ya of 9 Avenue, LLC does business as "Hayashi Ya," a sushi restaurant located at 857 Ninth Avenue, New York, NY 10019.

15. On information and belief, Defendant Yang Qing is an individual residing in New York and is an owner and operator of Defendants Hayashi Ya II, Inc. and Hayashi Ya of 9 Avenue, LLC.

16. On information and belief, Defendant Feng Lin is an individual residing in New York and is an owner and operator of Defendants Hayashi Ya II, Inc. and Hayashi Ya of 9 Avenue, LLC.

17. On information and belief, at all times relevant to the allegations herein, Defendant Yang Qing participated in the management of Defendants Hayashi Ya II, Inc. and Hayashi Ya of 9 Avenue, LLC (hereinafter "Hayashi Ya") and had the power to hire and fire Hayashi Ya employees, to establish wages, to set work schedules, and to maintain employment records.

18. On information and belief, at all times relevant to the allegations herein, Defendant Feng Lin participated in the management of Hayashi Ya and had the power to hire and fire Hayashi Ya employees, to establish wages, to set work schedules, and to maintain employment records.

19. On information and belief, at all times relevant to the allegations herein, Hayashi Ya qualified as an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

20. On information and belief, Hayashi Ya is at present, and has been at all times relevant to this action, an enterprise engaged in interstate commerce within the meaning of the FLSA in that it (i) has and has had employees engage in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has and has had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

21. At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of the FLSA, 29 U.S.C. § 203(e), and the New York Labor Law ("NYLL") §§ 190(2), 651(5).

22. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NYLL §§ 190(3), 651(6).

23. At all times relevant to this action, Plaintiffs were employed by Defendants at the Hayashi Ya sushi restaurant.

24. Defendants did not compensate Plaintiffs as required by law.

25. The FLSA, 29 U.S.C. § 206, required employees to be paid a minimum wage of at least $5.15 per hour prior to July 24, 2007, and a minimum wage of at least $5.85 per hour between July 24, 2007 and the present.

26. The NYLL § 652 required employees to be paid a minimum wage of at least $6.00 per hour prior to December 31, 2005, a minimum wage of $6.75 per hour between January 1, 2006 and December 31, 2006, and a minimum wage of $7.15 per hour between January 1, 2007 and the present.

27. Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie received monthly salaries from Defendants that averaged as low as approximately $3.08 per hour.

28. Defendants willfully paid Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie wages below the statutory minimums required by the FLSA and/or the NYLL.

29. Prior to approximately January 2007, Defendants retained for themselves all tips that customers left for Plaintiffs Fang Lin and Sheng Lan Li.

30. Beginning in approximately January 2007, Defendants required Plaintiffs Fang Lin and Sheng Lan Li to participate in a tip-sharing arrangement in which Defendants retained for themselves part of the tips that customers left for these Plaintiffs.

31. All Plaintiffs regularly worked in excess of forty hours per week.

32. Defendants willfully failed to pay Plaintiffs overtime wages at a rate of one and one-half times their regular hourly rate for hours worked in excess of forty hours per week.

33. All Plaintiffs' shifts regularly spanned more than ten hours per day, six days per week, and frequently spanned more than twelve hours per day.

34. Defendants willfully failed to pay Plaintiffs an extra hour's pay at the minimum wage ("spread-of-hours wages") for each day Plaintiffs' shifts spanned more than ten hours per day.

35. Defendants required Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie to purchase and to maintain bicycles in order to make deliveries. These Plaintiffs had to pay for the maintenance of the bicycles and other business expenses incurred during the course of their employment as delivery workers by Defendants.

36. Defendants did not reimburse these Plaintiffs for the costs and expenses described in paragraph 35.

37. The costs and expenses described in paragraph 35 were primarily for the benefit of Defendants and constituted *de facto* wage deductions, further driving Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie's wages below the statutory minimums.

38. Defendants provided Plaintiffs Fang Lin and Sheng Lan Li with clothing that was required to be worn as sushi chef and waitress uniforms, respectively, and that was not worn outside of their employment at Hayashi Ya. The clothing provided by Defendants had the Hayashi Ya name on it.

39. Plaintiffs Fang Lin and Sheng Lan Li were required to pay for the maintenance of the clothing described in paragraph 38 during the course of their employment by Defendants.

40. On information and belief, Defendants willfully failed to inform Plaintiffs of the FLSA's wage provisions, including the manner in which the wages for a tipped employee are determined pursuant to 29 U.S.C. § 203(m).

41. On information and belief, Defendants willfully failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employees' right to receive the minimum wage and overtime pay as required under the FLSA and the NYLL. In addition, Defendants failed to display a copy of §§ 193 and 196-d of the NYLL regarding the prohibition on illegal deductions from wages and the illegality of employers demanding or accepting any portion of employees' tips.

42. On information and belief, Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

43. In or about December 2007, Plaintiffs complained to Defendants about, among other things, the failure to pay overtime for hours worked over forty per week.

44. In January 2008, Defendants terminated Plaintiffs' employment in retaliation for

6

the complaints described in paragraph 43.

45. Defendants committed all of the acts and omissions alleged herein willfully.

46. All actions and omissions alleged herein were undertaken by Defendants either directly and/or through their agents.

### FIRST CAUSE OF ACTION
### Minimum Wages Under the FLSA
### (Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie)

47. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

48. The Defendants willfully failed to pay Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie the applicable minimum hourly wage for all hours worked, in violation of the FLSA, 29 U.S.C. § 206(a).

49. Defendants willfully required Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie to purchase and maintain bicycles as well as pay for other business expenses required for Defendants' work such that their compensation was driven below the minimum wage, in violation of the FLSA, 29 U.S.C. § 206(a) and 29 C.F.R. § 531.35.

50. Accordingly, for the period between approximately January 2006 and January 2008, Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including post-judgment interest, pursuant to the FLSA, 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### Overtime Wages Under the FLSA
### (All Plaintiffs)

51. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

52. Defendants willfully failed to pay the Plaintiffs overtime wages at a rate at least one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of the FLSA, 29 U.S.C. § 207.

53. Accordingly, for the period between approximately January 2006 and January 2008, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including post-judgment interest, pursuant to the FLSA, 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### Minimum Wages Under the NYLL
### (Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie)

54. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

55. Defendants willfully failed to pay Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie at the applicable minimum hourly wage, in violation of the NYLL § 652.

56. Accordingly, for the period between approximately January 2006 and January 2008, Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to one quarter of their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre- and post-judgment interest, pursuant to the NYLL § 663(1).

### FOURTH CAUSE OF ACTION
### Overtime Wages Under the NYLL
### (All Plaintiffs)

57. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

58. Defendants willfully failed to pay Plaintiffs overtime wages at rates at least one and one-half times the regular rate of pay for each hour worked in excess of forty hours per week, in violation of the NYLL § 21(11) and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.3.

59. Accordingly, for the period between approximately January 2006 and January 2008, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one quarter of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre- and post-judgment interest, pursuant to the NYLL § 663(1).

**FIFTH CAUSE OF ACTION**
**Unlawful Retention of Tips Under the NYLL**
**(Plaintiffs Fang Lin and Sheng Lan Li)**

60. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

61. Defendants willfully retained all or part of Plaintiffs Fang Lin and Sheng Lan Li's tips, in violation of the NYLL § 196-d.

62. Accordingly, for the period between approximately January 2006 and January 2008, Plaintiffs Fang Lin and Sheng Lan Li are entitled to recover from Defendants, jointly and severally, damages in the amount of unlawfully retained tips and an amount equal to one quarter of their unlawfully retained tips in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre- and post-judgment interest, pursuant to the NYLL § 198.

## SIXTH CAUSE OF ACTION
### Spread-of-Hours Pay Under the NYLL
### (All Plaintiffs)

63. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

64. Defendants willfully failed to pay Plaintiffs spread-of-hours wages of an additional hour of pay at the minimum wage for each day Plaintiffs had a spread of hours in excess of ten hours per day, in violation of the NYLL § 21(11) and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.6.

65. Accordingly, for the period between approximately January 2006 and January 2008, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of unpaid spread-of-hours wages and an amount equal to one quarter of their unpaid spread-of-hours wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre- and post-judgment interest, pursuant to the NYLL § 663(1).

## SEVENTH CAUSE OF ACTION
### Reimbursement for Required Expenses Under the NYLL
### (Plaintiffs Ting Yao Lin, Mu Lei Xie, Ting Jia Xie, Fang Lin and Sheng Lan Li)

66. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

67. Defendants willfully made unauthorized deductions from Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie's wages and/or made these Plaintiffs incur expenses in carrying out their duties, by requiring them to purchase and maintain bicycles as well as pay for other business expenses required for Defendants' work, in violation of the NYLL § 193(1) and § 198-b and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5.

68. Defendants willfully made unauthorized deductions from Plaintiffs Fang Lin and Sheng Lan Li's wages and/or made these Plaintiffs incur expenses in carrying out their duties, by requiring them to maintain uniforms required for Defendants' work, in violation of the NYLL § 193(1) and § 198-b and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5.

69. Accordingly, for the period between approximately January 2006 and January 2008, Plaintiffs Ting Yao Lin, Mu Lei Xie, Ting Jia Xie, Fang Lin, and Sheng Lan Li are entitled to recover from Defendants, jointly and severally, their unauthorized deductions and an amount equal to one quarter of their unauthorized deductions in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre- and post-judgment interest, pursuant to the NYLL § 198.

### EIGHTH CAUSE OF ACTION
### Retaliation under the NYLL
### (All Plaintiffs)

70. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

71. Defendants willfully terminated Plaintiffs in retaliation for complaining about unlawful labor and employment practices, including but not limited to the failure to pay overtime as required by both the FLSA and the NYLL.

72. Plaintiffs' complaints were protected activities under the NYLL and there was a causal connection between Plaintiffs' protected activities and Defendants' adverse employment actions.

73. Accordingly, Plaintiffs are entitled to recover from Defendants, jointly and severally, nominal damages and punitive damages based upon Defendants' illegal retaliation, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the NYLL § 215.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA and the NYLL;

b. Awarding Plaintiffs unpaid minimum wages and unpaid overtime wages due under the FLSA and the NYLL;

c. Awarding Plaintiffs compensation for tips unlawfully retained by Defendants under the NYLL;

d. Awarding Plaintiffs spread-of-hours wages due under the NYLL;

e. Awarding Plaintiffs compensation for all unauthorized deductions under the NYLL;

f. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. § 216(b) and the NYLL §§ 198(1-a), 663(1) due to Defendants' willful violation of federal and New York state law;

g. Awarding Plaintiffs nominal damages and punitive damages due under the NYLL based upon Defendants' illegal retaliation against Plaintiffs for engaging in protected activities;

h. Awarding Plaintiffs pre- and post-judgment interest, where applicable;

i. Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

j. Granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
July 2, 2008

Respectfully submitted,

**PRO BONO COUNSEL**

By: *[signature]*

Robert Dunn (RD-1610)
Four Times Square
New York, NY 10036
Telephone: 212-735-3000
Facsimile: 212-735-2000

**URBAN JUSTICE CENTER**

David Colodny (DC-4234)
123 William Street, 16th Floor
New York, New York 10038
Telephone: 646-602-5600
Facsimile: 212-533-4598

Attorneys for Plaintiffs