UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                          :
TING YAO LIN, FANG LIN, SHENG LAN LI, MU LEI     :
XIE, TING JIA XIE, and XIE XIN YONG,                      :
                                                          :
                          Plaintiffs,                     :        08 Civ. 6071 (SAS)
                                                          :
               v.                                         :
                                                          :
HAYASHI YA II, INC. d/b/a HAYASHI YA, HAYASHI     :
YA OF 9 AVENUE, LLC d/b/a HAYASHI YA, FENG       :
LIN, and YANG QING,                                       :
                                                          :
                          Defendants.                     :
                                                          :
------------------------------------------------------------------------ X


### AFFIDAVIT OF ROBERT DUNN IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

STATE OF NEW YORK       )
                        )     ss.:
COUNTY OF NEW YORK   )

   Robert Dunn, being duly sworn, deposes and says:

   1.  I am counsel for Plaintiffs in this matter and submit this affidavit in

support of Plaintiffs' application for a default judgment against Defendants Hayashi Ya II, Inc.,

Hayashi Ya of 9 Avenue, LLC, Feng Lin and Yang Qing.

   2.  I make this affidavit pursuant to Rule 55.2 of the Civil Rules for the

District of New York and Rule IV(G) of the Individual Rules and Procedures of Judge Shira A.

Scheindlin.

   3.  The Plaintiffs filed this action against Defendants seeking damages for

Defendants' failure to pay Plaintiffs minimum wages, overtime wages, or spread-of-hours wages

1

as required under federal and New York state law. The Defendants also failed to reimburse Plaintiffs for business expenses, such as the costs of purchasing and maintaining delivery bicycles, and withheld parts of tips in violation of federal and New York state law. (Exhibit A.) Finally, Defendants terminated Plaintiffs' employment in retaliation for the Plaintiffs' complaints about the Defendants' violations of state and federal labor law, and thus the Plaintiffs seek punitive damages under New York state law. (Ex. A.)

4.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. (Ex. A at ¶ 4.) This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. (Ex. A at ¶ 5.)

5.      This Court has personal jurisdiction over all Defendants as they were each served the Summons and Complaint personally within New York state. (Ex. B.)

6.      On July 9, 2008 each Defendant was served copies of the Summons and Complaint, the Individual Rules and Procedures of Judge Shira A. Scheindlin, ECF procedures, and Individual Practices of Magistrate Judge Andrew J. Peck. (Ex. B.) The time within which Defendants had to answer or otherwise respond to the Complaint has expired, and Defendants have failed to plead or otherwise defend the above-captioned action. (Ex. C.)

7.      On August 19, 2008, J. Michael McMahon, Clerk of the United States District Court for the Southern District of New York, signed a "Clerk's Certificate" for each Defendant, which noted the defaults of each of the Defendants. (Ex. C.)

8.      To my knowledge, the individual Defendants -- Yang Qing and Feng Lin -- are not infants, in the military, or incompetent persons.

2

I declare under the penalty of perjury that the foregoing is true and correct.


Dated: New York, New York
       September 5, 2008

By: Robert Dunn
(robert.dunn@skadden.com)


Sworn to and subscribed to
before me this 5th day of
September, 2008

**GAIL F. WRIGHT**
Notary Public, State of New York
No. 30-4653780
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires December 31, 20 09

3

# EXHIBIT A

%AO 440 (Rev. 8/01) Summons in a Civil Action

JUDGE SCHEINDLIN        ORIGINAL

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

Tin Yao Lin, Fang Lin, Sheng Lan Li, Mu Lei Xie,
Ting Jia Xie, and Xie Xin Yong

V.

Hayashi Ya II, Inc. d/b/a Hayashi Ya, Hayashi Ya
of 9 Avenue, LLC d/b/a Hayashi Ya, Feng Lin,
and Yang Qing

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

'08 CIV 6071

TO: (Name and address of Defendant)

Hayashi Ya II, Inc., 857 Ninth Ave., New York, NY, 10019
Hayashi Ya of 9 Avenue, LLC, 857 Ninth Ave., New York, NY 10019

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Robert Dunn, Four Times Square, Rm 40-216, New York, NY, 10036

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

DATE

JUL 02 2008

ORIGINAL

℗⅃AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

Tin Yao Lin, Fang Lin, Sheng Lan Li, Mu Lei Xie,
Ting Jia Xie, and Xie Xin Yong

V.

Hayashi Ya II, Inc. d/b/a Hayashi Ya, Hayashi Ya
of 9 Avenue, LLC d/b/a Hayashi Ya, Feng Lin,
and Yang Qing

### SUMMONS IN A CIVIL ACTION

CASE NUMBER:  08  CV  6071

TO: (Name and address of Defendant)

Feng Lin, 857 Ninth Ave., New York, NY, 10019

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Robert Dunn, Four Times Square, Rm 40-216, New York, NY, 10036

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                              JUL 02 2008

_____    _____
CLERK                                DATE

_____
(By) DEPUTY CLERK

ORIGINAL

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

|  |  |  |
|---|---|---|
| Southern | District of | New York |

Tin Yao Lin, Fang Lin, Sheng Lan Li, Mu Lei Xie,
Ting Jia Xie, and Xie Xin Yong

### SUMMONS IN A CIVIL ACTION

V.

Hayashi Ya II, Inc. d/b/a Hayashi Ya, Hayashi Ya
of 9 Avenue, LLC d/b/a Hayashi Ya, Feng Lin,
and Yang Qing

CASE NUMBER:

08 CIV 6071

TO: (Name and address of Defendant)

Yang Qing, 857 Ninth Ave., New York, NY, 10019

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Robert Dunn, Four Times Square, Rm 40-216, New York, NY, 10036

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                    JUL 02 2008

_____          _____
CLERK                                                          DATE

_____
(By) DEPUTY CLERK

'08 CIV 6071

JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

TING YAO LIN, FANG LIN, SHENG LAN LI, MU LEI
XIE, TING JIA XIE, and XIE XIN YONG,

               Plaintiffs,

          v.

HAYASHI YA II, INC. d/b/a HAYASHI YA, HAYASHI
YA OF 9 AVENUE, LLC d/b/a HAYASHI YA, FENG
LIN, and YANG QING,

               Defendants.

-------------------------------------------------------------------- X

Civil No.

**COMPLAINT**

JUL 0 2 2008

## PRELIMINARY STATEMENT

1.     Plaintiffs are former employees of Defendants, who owned and operated a sushi restaurant in Manhattan, New York.

2.     Although Plaintiffs regularly worked in excess of ten hours per day, six days per week, Defendants failed to pay Plaintiffs minimum wages, overtime wages, or spread-of-hours wages as required under federal and New York state law.  Defendants failed to reimburse Plaintiffs for the costs of purchasing and maintaining required delivery bicycles and other business expenses, in violation of federal and New York state law.  In addition, Defendants withheld parts of Plaintiffs' tips, in violation of New York state law.  Finally, Defendants fired Plaintiffs in retaliation for asserting their rights under federal and state wage and hour laws.

3.     Plaintiffs bring their claims for the period from approximately January 2006 to approximately January 2008.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiffs' federal claims pursuant to the Fair

1

Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

5.    This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

### Plaintiffs

7.    Plaintiff Ting Yao Lin was employed by Defendants as a delivery worker from approximately January 2006 until he was discharged in approximately January 2008.

8.    Plaintiff Fang Lin was employed by Defendants as a sushi chef from approximately June 2004 until he was discharged in approximately January 2008.

9.    Plaintiff Xie Xin Yong was employed by Defendants as delivery coordinator from approximately January 2006 until he was discharged in approximately January 2008.

10.    Plaintiff Mu Lei Xie was employed by Defendants as a delivery worker from approximately April 2007 until he was discharged in approximately January 2008.

11.    Plaintiff Ting Jia Xie was employed by Defendants as a delivery worker from approximately November 2003 until he was discharged in approximately January 2008.

12.    Plaintiff Sheng Lan Li was employed by Defendants as a waitress and cashier from approximately November 2005 until she was discharged in approximately January 2008.

### Defendants

13.    Defendant Hayashi Ya II, Inc. is a corporation organized under the laws of New York and is located at 857 Ninth Avenue, New York, NY 10019. On information and belief,

2

Defendant Hayashi Ya II, Inc. does business as "Hayashi Ya," a sushi restaurant located at 857 Ninth Avenue, New York, NY 10019.

14.     Defendant Hayashi Ya of 9 Avenue, LLC is a limited liability company organized under the laws of New York and is located at 857 Ninth Avenue, New York, NY 10019. On information and belief, Defendant Hayashi Ya of 9 Avenue, LLC does business as "Hayashi Ya," a sushi restaurant located at 857 Ninth Avenue, New York, NY 10019.

15.     On information and belief, Defendant Yang Qing is an individual residing in New York and is an owner and operator of Defendants Hayashi Ya II, Inc. and Hayashi Ya of 9 Avenue, LLC.

16.     On information and belief, Defendant Feng Lin is an individual residing in New York and is an owner and operator of Defendants Hayashi Ya II, Inc. and Hayashi Ya of 9 Avenue, LLC.

17.     On information and belief, at all times relevant to the allegations herein, Defendant Yang Qing participated in the management of Defendants Hayashi Ya II, Inc. and Hayashi Ya of 9 Avenue, LLC (hereinafter "Hayashi Ya") and had the power to hire and fire Hayashi Ya employees, to establish wages, to set work schedules, and to maintain employment records.

18.     On information and belief, at all times relevant to the allegations herein, Defendant Feng Lin participated in the management of Hayashi Ya and had the power to hire and fire Hayashi Ya employees, to establish wages, to set work schedules, and to maintain employment records.

19.     On information and belief, at all times relevant to the allegations herein, Hayashi Ya qualified as an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

20.    On information and belief, Hayashi Ya is at present, and has been at all times relevant to this action, an enterprise engaged in interstate commerce within the meaning of the FLSA in that it (i) has and has had employees engage in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has and has had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

21.    At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of the FLSA, 29 U.S.C. § 203(e), and the New York Labor Law ("NYLL") §§ 190(2), 651(5).

22.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NYLL §§ 190(3), 651(6).

23.    At all times relevant to this action, Plaintiffs were employed by Defendants at the Hayashi Ya sushi restaurant.

24.    Defendants did not compensate Plaintiffs as required by law.

25.    The FLSA, 29 U.S.C. § 206, required employees to be paid a minimum wage of at least $5.15 per hour prior to July 24, 2007, and a minimum wage of at least $5.85 per hour between July 24, 2007 and the present.

26.    The NYLL § 652 required employees to be paid a minimum wage of at least $6.00 per hour prior to December 31, 2005, a minimum wage of $6.75 per hour between January 1, 2006 and December 31, 2006, and a minimum wage of $7.15 per hour between January 1, 2007 and the present.

4

27.    Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie received monthly salaries from Defendants that averaged as low as approximately $3.08 per hour.

28.    Defendants willfully paid Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie wages below the statutory minimums required by the FLSA and/or the NYLL.

29.    Prior to approximately January 2007, Defendants retained for themselves all tips that customers left for Plaintiffs Fang Lin and Sheng Lan Li.

30.    Beginning in approximately January 2007, Defendants required Plaintiffs Fang Lin and Sheng Lan Li to participate in a tip-sharing arrangement in which Defendants retained for themselves part of the tips that customers left for these Plaintiffs.

31.    All Plaintiffs regularly worked in excess of forty hours per week.

32.    Defendants willfully failed to pay Plaintiffs overtime wages at a rate of one and one-half times their regular hourly rate for hours worked in excess of forty hours per week.

33.    All Plaintiffs' shifts regularly spanned more than ten hours per day, six days per week, and frequently spanned more than twelve hours per day.

34.    Defendants willfully failed to pay Plaintiffs an extra hour's pay at the minimum wage ("spread-of-hours wages") for each day Plaintiffs' shifts spanned more than ten hours per day.

35.    Defendants required Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie to purchase and to maintain bicycles in order to make deliveries. These Plaintiffs had to pay for the maintenance of the bicycles and other business expenses incurred during the course of their employment as delivery workers by Defendants.

36.    Defendants did not reimburse these Plaintiffs for the costs and expenses described in paragraph 35.

5

37.    The costs and expenses described in paragraph 35 were primarily for the benefit of Defendants and constituted *de facto* wage deductions, further driving Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie's wages below the statutory minimums.

38.    Defendants provided Plaintiffs Fang Lin and Sheng Lan Li with clothing that was required to be worn as sushi chef and waitress uniforms, respectively, and that was not worn outside of their employment at Hayashi Ya. The clothing provided by Defendants had the Hayashi Ya name on it.

39.    Plaintiffs Fang Lin and Sheng Lan Li were required to pay for the maintenance of the clothing described in paragraph 38 during the course of their employment by Defendants.

40.    On information and belief, Defendants willfully failed to inform Plaintiffs of the FLSA's wage provisions, including the manner in which the wages for a tipped employee are determined pursuant to 29 U.S.C. § 203(m).

41.    On information and belief, Defendants willfully failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employees' right to receive the minimum wage and overtime pay as required under the FLSA and the NYLL. In addition, Defendants failed to display a copy of §§ 193 and 196-d of the NYLL regarding the prohibition on illegal deductions from wages and the illegality of employers demanding or accepting any portion of employees' tips.

42.    On information and belief, Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

43.    In or about December 2007, Plaintiffs complained to Defendants about, among other things, the failure to pay overtime for hours worked over forty per week.

44.    In January 2008, Defendants terminated Plaintiffs' employment in retaliation for

the complaints described in paragraph 43.

45.    Defendants committed all of the acts and omissions alleged herein willfully.

46.    All actions and omissions alleged herein were undertaken by Defendants either directly and/or through their agents.

### FIRST CAUSE OF ACTION
#### Minimum Wages Under the FLSA
#### (Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie)

47.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

48.    The Defendants willfully failed to pay Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie the applicable minimum hourly wage for all hours worked, in violation of the FLSA, 29 U.S.C. § 206(a).

49.    Defendants willfully required Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie to purchase and maintain bicycles as well as pay for other business expenses required for Defendants' work such that their compensation was driven below the minimum wage, in violation of the FLSA, 29 U.S.C. § 206(a) and 29 C.F.R. § 531.35.

50.    Accordingly, for the period between approximately January 2006 and January 2008, Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including post-judgment interest, pursuant to the FLSA, 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
#### Overtime Wages Under the FLSA
#### (All Plaintiffs)

51.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

7

52.    Defendants willfully failed to pay the Plaintiffs overtime wages at a rate at least one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of the FLSA, 29 U.S.C. § 207.

53.    Accordingly, for the period between approximately January 2006 and January 2008, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including post-judgment interest, pursuant to the FLSA, 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### Minimum Wages Under the NYLL
### (Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie)

54.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

55.    Defendants willfully failed to pay Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie at the applicable minimum hourly wage, in violation of the NYLL § 652.

56.    Accordingly, for the period between approximately January 2006 and January 2008, Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to one quarter of their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre- and post-judgment interest, pursuant to the NYLL § 663(1).

### FOURTH CAUSE OF ACTION
### Overtime Wages Under the NYLL
### (All Plaintiffs)

57.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

8

58.    Defendants willfully failed to pay Plaintiffs overtime wages at rates at least one and one-half times the regular rate of pay for each hour worked in excess of forty hours per week, in violation of the NYLL § 21(11) and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.3.

59.    Accordingly, for the period between approximately January 2006 and January 2008, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one quarter of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre- and post-judgment interest, pursuant to the NYLL § 663(1).

## FIFTH CAUSE OF ACTION
### Unlawful Retention of Tips Under the NYLL
### (Plaintiffs Fang Lin and Sheng Lan Li)

60.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

61.    Defendants willfully retained all or part of Plaintiffs Fang Lin and Sheng Lan Li's tips, in violation of the NYLL § 196-d.

62.    Accordingly, for the period between approximately January 2006 and January 2008, Plaintiffs Fang Lin and Sheng Lan Li are entitled to recover from Defendants, jointly and severally, damages in the amount of unlawfully retained tips and an amount equal to one quarter of their unlawfully retained tips in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre- and post-judgment interest, pursuant to the NYLL § 198.

### SIXTH CAUSE OF ACTION
### Spread-of-Hours Pay Under the NYLL
### (All Plaintiffs)

63.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

64.    Defendants willfully failed to pay Plaintiffs spread-of-hours wages of an additional hour of pay at the minimum wage for each day Plaintiffs had a spread of hours in excess of ten hours per day, in violation of the NYLL § 21(11) and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.6.

65.    Accordingly, for the period between approximately January 2006 and January 2008, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of unpaid spread-of-hours wages and an amount equal to one quarter of their unpaid spread-of-hours wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre- and post-judgment interest, pursuant to the NYLL § 663(1).

### SEVENTH CAUSE OF ACTION
### Reimbursement for Required Expenses Under the NYLL
### (Plaintiffs Ting Yao Lin, Mu Lei Xie, Ting Jia Xie, Fang Lin and Sheng Lan Li)

66.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

67.    Defendants willfully made unauthorized deductions from Plaintiffs Ting Yao Lin, Mu Lei Xie, and Ting Jia Xie's wages and/or made these Plaintiffs incur expenses in carrying out their duties, by requiring them to purchase and maintain bicycles as well as pay for other business expenses required for Defendants' work, in violation of the NYLL § 193(1) and § 198-b and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5.

68.    Defendants willfully made unauthorized deductions from Plaintiffs Fang Lin and Sheng Lan Li's wages and/or made these Plaintiffs incur expenses in carrying out their duties, by requiring them to maintain uniforms required for Defendants' work, in violation of the NYLL § 193(1) and § 198-b and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5.

69.    Accordingly, for the period between approximately January 2006 and January 2008, Plaintiffs Ting Yao Lin, Mu Lei Xie, Ting Jia Xie, Fang Lin, and Sheng Lan Li are entitled to recover from Defendants, jointly and severally, their unauthorized deductions and an amount equal to one quarter of their unauthorized deductions in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre- and post-judgment interest, pursuant to the NYLL § 198.

### EIGHTH CAUSE OF ACTION
**Retaliation under the NYLL**
**(All Plaintiffs)**

70.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

71.    Defendants willfully terminated Plaintiffs in retaliation for complaining about unlawful labor and employment practices, including but not limited to the failure to pay overtime as required by both the FLSA and the NYLL.

72.    Plaintiffs' complaints were protected activities under the NYLL and there was a causal connection between Plaintiffs' protected activities and Defendants' adverse employment actions.

73.    Accordingly, Plaintiffs are entitled to recover from Defendants, jointly and severally, nominal damages and punitive damages based upon Defendants' illegal retaliation, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the NYLL § 215.

11

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that judgment be granted:

a.    Declaring Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA and the NYLL;

b.    Awarding Plaintiffs unpaid minimum wages and unpaid overtime wages due under the FLSA and the NYLL;

c.    Awarding Plaintiffs compensation for tips unlawfully retained by Defendants under the NYLL;

d.    Awarding Plaintiffs spread-of-hours wages due under the NYLL;

e.    Awarding Plaintiffs compensation for all unauthorized deductions under the NYLL;

f.    Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. § 216(b) and the NYLL §§ 198(1-a), 663(1) due to Defendants' willful violation of federal and New York state law;

g.    Awarding Plaintiffs nominal damages and punitive damages due under the NYLL based upon Defendants' illegal retaliation against Plaintiffs for engaging in protected activities;

h.    Awarding Plaintiffs pre- and post-judgment interest, where applicable;

i.    Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

j.    Granting such other and further relief as this Court deems necessary and proper.

Dated:  New York, New York
        July 2, 2008

Respectfully submitted,

**PRO BONO COUNSEL**

By: _____

Robert Dunn (RD-1610)
Four Times Square
New York, NY 10036
Telephone: 212-735-3000
Facsimile: 212-735-2000

**URBAN JUSTICE CENTER**

David Colodny (DC-4234)
123 William Street, 16th Floor
New York, New York 10038
Telephone:  646-602-5600
Facsimile: 212-533-4598

Attorneys for Plaintiffs

# EXHIBIT B

B 151— Affidavit of Service of Summons or Subpoena. Personal or Alternative
Methods: Corp. or Ind.: Military Service. 10 pt. type, 1-95

© 1988 JULIUS BLUMBERG, INC.,
PUBLISHER, NYC 10013

Blumbergs
Law Products

COURT   UNITED STATES DISTRICT COURT

COUNTY OF              SOUTHERN DISTRICT OF NEW YORK

TIN YAO LIN, ET AL.,                                              Index No.  08 CIV 6071

                                               Plaintiff(s)       AFFIDAVIT OF
                   against                                        SERVICE OF SUMMONS
                                                                  (AND COMPLAINT)
HAYASHI YA II, INC. D/B/A HAYASHI YA, ET AL.,                     SEE ATTACHED RIDER

                                               Defendant(s)

STATE OF NEW YORK, COUNTY OF  NEW YORK      SS:   The undersigned, being duly sworn, deposes and says; deponent is not a
party herein, is over 18 years of age and resides at SUNNYSIDE, NEW YORK
That on  7/9/08                       at 3:02  PM., at  857 NINTH AVENUE, NEW YORK, NEW YORK
deponent served the within summons, *and complaint on*  FENG LIN                            defendant therein named.
SEE ATTACHED RIDER

INDIVIDUAL  ☒   by delivering a true copy *of each* to said defendant personally; deponent knew the person so served to be the person described as
1.              said defendant therein.

CORPORATION ☐   a                              corporation, by delivering thereat a true copy *of each* to
2.              personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and
                knew said individual to be                              thereof.

SUITABLE AGE PERSON ☐  by delivering thereat a true copy *of each* to                              a person of suitable age
3.              and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

AFFIXING TO DOOR, ETC. ☐  by affixing a true copy *of each* to the door of said premises, which is defendant's—actual place of business—dwelling place—
4.              usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age
                and discretion thereat, having called there

MAILING TO
RESIDENCE   ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to
USE WITH 3 OR 4 defendant at defendant's last known residence, at                              and deposited
5A.             said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.
MAILING TO
BUSINESS    ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly
USE WITH 3 OR 4 addressed to defendant at defendant's actual place of business, at
5B.             in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore
                the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the
                communication was from an attorney or concerned an action against the defendant.

DESCRIPTION ☒   ☒ Male      ☐ White Skin    ☒ Black Hair    ☐ White Hair   ☐ 14-20 Yrs.   ☐ Under 5'    ☐ Under 100 Lbs.
USE WITH         ☐ Female    ☐ Black Skin    ☒ Brown Hair    ☐ Balding      ☒ 21-35 Yrs.   ☐ 5'0"-5'3"   ☐ 100-130 Lbs.
1, 2, OR 3       ☒            ☒ Yellow Skin   ☐ Blonde Hair   ☐ Mustache     ☐ 36-50 Yrs.   ☒ 5'4"-5'8"   ☒ 131-160 Lbs.
                 ☐ Brown Skin   ☐ Gray Hair     ☐ Beard        ☐ 51-65 Yrs.   ☐ 5'9"-6'0"   ☐ 161-200 Lbs.
                 ☐ Red Skin     ☐ Red Hair      ☐ Glasses      ☐ Over 65 Yrs. ☐ Over 6'     ☐ Over 200 Lbs.
                Other identifying features:

USE IN
NYC CIVIL CT. ☐  The words "CONSUMER CREDIT TRANSACTION" were prominently displayed at the top of the summons(es) and the additional
                legend was printed in not less than 12 point bold upper case type on the summons(es) pursuant to 22 NYCRR §208.6(d) and (f).

MILITARY
SERVICE     ☒   I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any
                capacity whatever and received a negative reply. Recipient *wore ordinary civilian clothes and no military uniform.* The source of
                my information and the grounds of my belief are the conversations and observations above narrated. Upon information and
                belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either
                the State or in the Federal statutes.

                                              HE YI WENG
Sworn to before me on                    Notary Public, State of New York
                                              No. 01WE6178606               PRINT NAME BENEATH SIGNATURE
  7/10/08                                  Qualified in Kings County        DI CONG JIANG
                                        Commission Expires Dec. 03, 2011    License No.      1220800

INSTRUCTIONS: Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
TIN YAO LIN, ET AL.,

              -against-

HAYASHI YA II, INC. D/B/A HAYASHI
YA, ET AL.,

--------------------------------------------------------------X

CASE NO.
08 CIV 6071

RIDER TO AFFIDAVIT
OF SERVICE

LIST OF DOCUMENTS SERVED:

- SUMMONS IN A CIVIL ACTION

- COMPLAINT

- INDIVIDUAL RULES AND PROCEDURES OF JUDGE SHIRA A.
  SCHEINDLIN

- ELECTRONIC CASE FILING RULES & INSTRUCTIONS

- INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE ANDREW J. PECK

B 151— Affidavit of Service of Summons or Subpoena. Personal or Alternative
Methods: Corp. or Ind.: Military Service. 10 pt. type. 1-95

© 1988 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

| COURT | UNITED STATES DISTRICT COURT |
| --- | --- |
| COUNTY OF | SOUTHERN DISTRICT OF NEW YORK |

TIN YAO LIN, ET AL.,

*against*

Plaintiff(s)

HAYASHI YA II, INC. D/B/A HAYASHI YA, ET AL.,

Defendant(s)

*Index No.* 08 CIV 6071

*AFFIDAVIT OF
SERVICE OF SUMMONS
(AND COMPLAINT)*
SEE ATTACHED RIDER

STATE OF NEW YORK, COUNTY OF NEW YORK  SS:  The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at SUNNYSIDE, NEW YORK

That on 7/9/08 at 3:03 P.M., at 857 NINTH AVENUE, NEW YORK, NEW YORK deponent served the within summons, *and complaint* on YANG QING defendant therein named,
SEE ATTACHED RIDER

INDIVIDUAL 1. ☒  by delivering a true copy *of each* to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

CORPORATION 2. ☐  a  corporation, by delivering thereat a true copy *of each* to personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be  thereof.

SUITABLE AGE PERSON 3. ☐  by delivering thereat a true copy *of each* to  a person of suitable age and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

AFFIXING TO DOOR, ETC. 4. ☐  by affixing a true copy *of each* to the door of said premises, which is defendant's—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there

MAILING TO RESIDENCE USE WITH 3 OR 4 5A. ☐  Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known residence, at  and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

MAILING TO BUSINESS USE WITH 3 OR 4 5B. ☐  Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to defendant at defendant's actual place of business, at  in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

DESCRIPTION USE WITH 1, 2, OR 3 ☒

| | | | | | |
| --- | --- | --- | --- | --- | --- |
| ☐ Male | ☐ White Skin | ☒ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☒ Brown Hair | ☐ Balding | ☒ 21-35 Yrs. | ☐ 5'0"-5'3" | ☒ 100-130 Lbs. |
| | ☒ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☒ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

USE IN NYC CIVIL CT. ☐  The words "CONSUMER CREDIT TRANSACTION" were prominently displayed at the top of the summons(es) and the additional legend was printed in not less than 12 point bold upper case type on the summons(es) pursuant to 22 NYCRR §208.6(d) and (f).

MILITARY SERVICE ☒  I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient *wore ordinary civilian clothes and no military uniform.* The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on

7/10/08

HE YI WENG
Notary Public, State of New York
No. 01WE6178606
Qualified in Kings County
Commission Expires Dec. 03, 2011

PRINT NAME BENEATH SIGNATURE
DI CONG JIANG

License No. 1220800

INSTRUCTIONS: Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TIN YAO LIN, ET AL.,

                -against-

HAYASHI YA II, INC. D/B/A HAYASHI
YA, ET AL.,

-------------------------------------------------------------X

                       CASE NO.
                      08 CIV 6071

        RIDER TO AFFIDAVIT
           OF SERVICE

LIST OF DOCUMENTS SERVED:

- SUMMONS IN A CIVIL ACTION

- COMPLAINT

- INDIVIDUAL RULES AND PROCEDURES OF JUDGE SHIRA A.
  SCHEINDLIN

- ELECTRONIC CASE FILING RULES & INSTRUCTIONS

- INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE ANDREW J. PECK

B 151— Affidavit of Service of Summons or Subpoena. Personal or Alternative Methods: Corp. or Ind.: Military Service, 10 pt. type, 1-95

Blumbergs
Law Products

© 1988 JULIUS BLUMBERG, INC.,
PUBLISHER, NYC 10013

COURT    UNITED STATES DISTRICT COURT
COUNTY OF         SOUTHERN DISTRICT OF NEW YORK

TIN YAO LIN, ET AL.,

*Index No.* 08 CIV 6071

                                                          Plaintiff(s)

                    *against*

HAYASHI YA II, INC. D/B/A HAYASHI YA, ET AL.,

                                                          Defendant(s)

*AFFIDAVIT OF
SERVICE OF SUMMONS
(AND COMPLAINT)*
SEE ATTACHED RIDER

STATE OF NEW YORK, COUNTY OF  NEW YORK        SS:   The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at  SUNNYSIDE, NEW YORK
That on  7/9/08                    at 4:40  PM., at  857 NINTH AVENUE, NEW YORK, NEW YORK
deponent served the within summons, *and complaint on*   HAYASHI YA II, INC. D/B/A HAYASHI        defendant therein named.
SEE ATTACHED RIDER                    YA N/K/A NEW HAYASHI YA, INC.

INDIVIDUAL
1. ☐      by delivering a true copy *of each* to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

CORPORATION
2. ☒      a  DOMESTIC         corporation, by delivering thereat a true copy *of each* to  NIKKI NI
personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be  MANAGING AGENT        thereof.

SUITABLE AGE PERSON
3. ☐      by delivering thereat a true copy *of each* to                              a person of suitable age and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

AFFIXING TO DOOR, ETC.
4. ☐      by affixing a true copy *of each* to the door of said premises, which is defendant's—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there

MAILING TO
RESIDENCE
USE WITH 3 OR 4
5A. ☐      Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known residence, at                              and deposited
said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

MAILING TO
BUSINESS
USE WITH 3 OR 4
5B. ☐      Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to defendant at defendant's actual place of business, at
in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

DESCRIPTION
USE WITH
1, 2, OR 3
☒

| | | | | | |
|---|---|---|---|---|---|
| ☐ Male | ☐ White Skin | ☒ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☒ 21-35 Yrs. | ☐ 5'0"-5'3" | ☒ 100-130 Lbs. |
| | ☒ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☒ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

USE IN
NYC CIVIL CT.
☐      The words "CONSUMER CREDIT TRANSACTION" were prominently displayed at the top of the summons(es) and the additional legend was printed in not less than 12 point bold upper case type on the summons(es) pursuant to 22 NYCRR §208.6(d) and (f).

MILITARY
SERVICE
☐      I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient *wore ordinary civilian clothes and no military uniform.* The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on

7/10/08

HE YI WENG
Notary Public, State of New York
No. 01WE6178606
Qualified in Kings County
Commission Expires Dec. 03, 2011

PRINT NAME BENEATH SIGNATURE
DI CONG JIANG

License No.   1220800

INSTRUCTIONS: Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TIN YAO LIN, ET AL.,

              -against-

HAYASHI YA II, INC. D/B/A HAYASHI
YA, ET AL.,

-------------------------------------------------------------X

CASE NO.
08 CIV 6071

RIDER TO AFFIDAVIT
OF SERVICE

LIST OF DOCUMENTS SERVED:

- SUMMONS IN A CIVIL ACTION

- COMPLAINT

- INDIVIDUAL RULES AND PROCEDURES OF JUDGE SHIRA A.
  SCHEINDLIN

- ELECTRONIC CASE FILING RULES & INSTRUCTIONS

- INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE ANDREW J. PECK

B 151— Affidavit of Service of Summons or Subpoena: Personal or Alternative Methods: Corp. or Ind.; Military Service. 10 pt. type, 1-95

© 1988 JULIUS BLUMBERG, INC., PUBLISHER, NYC 10013

| COURT | UNITED STATES DISTRICT COURT |
| COUNTY OF | SOUTHERN DISTRICT OF NEW YORK |

TIN YAO LIN, ET AL.,

Index No. 08 CIV 6071

Plaintiff(s)

*against*

HAYASHI YA II, INC. D/B/A HAYASHI YA, ET AL.,

Defendant(s)

*AFFIDAVIT OF SERVICE OF SUMMONS (AND COMPLAINT)*
SEE ATTACHED RIDER

STATE OF NEW YORK, COUNTY OF NEW YORK    SS:    The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at SUNNYSIDE, NEW YORK

That on 7/9/08 at 4:40 PM, at 857 NINTH AVENUE, NEW YORK, NEW YORK deponent served the within summons, *and complaint on* HAYASHI YA OF 9 AVENUE, LLC    defendant therein named, SEE ATTACHED RIDER    D/B/A HAYASHI YA N/K/A NEW HAYASHI YA, INC.

**INDIVIDUAL 1.** ☐ by delivering a true copy *of each* to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

**CORPORATION 2.** ☒ a DOMESTIC corporation, by delivering thereat a true copy *of each* to NIKKI NI personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be MANAGING AGENT thereof.

**SUITABLE AGE PERSON 3.** ☐ by delivering thereat a true copy *of each* to a person of suitable age and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC. 4.** ☐ by affixing a true copy *of each* to the door of said premises, which is defendant's—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4  5A.** ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known residence, at and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4  5B.** ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to defendant at defendant's actual place of business, at in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

**DESCRIPTION USE WITH 1, 2, OR 3** ☒

| | | | | |
|---|---|---|---|---|
| ☐ Male | ☐ White Skin | ☒ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☒ 21-35 Yrs. | ☐ 5'0"-5'3" | ☒ 100-130 Lbs. |
| | ☒ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☒ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

**USE IN NYC CIVIL CT.** ☐ The words "CONSUMER CREDIT TRANSACTION" were prominently displayed at the top of the summons(es) and the additional legend was printed in not less than 12 point bold upper case type on the summons(es) pursuant to 22 NYCRR §208.6(d) and (f).

**MILITARY SERVICE** ☐ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient *wore ordinary civilian clothes and no military uniform.* The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on

7/10/08

HE YI WENG
Notary Public, State of New York
No. 01WE6178606
Qualified in Kings County
Commission Expires Dec. 03, 2011

DI CONG JIANG

License No. 1220800

INSTRUCTIONS: Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TIN YAO LIN, ET AL.,

             -against-

HAYASHI YA II, INC. D/B/A HAYASHI
YA, ET AL.,

------------------------------------------------------------X

CASE NO.
08 CIV 6071

RIDER TO AFFIDAVIT
OF SERVICE

LIST OF DOCUMENTS SERVED:

- SUMMONS IN A CIVIL ACTION

- COMPLAINT

- INDIVIDUAL RULES AND PROCEDURES OF JUDGE SHIRA A.
  SCHEINDLIN

- ELECTRONIC CASE FILING RULES & INSTRUCTIONS

- INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE ANDREW J. PECK

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                        :

TING YAO LIN, FANG LIN, SHENG LAN LI, MU LEI    :
XIE, TING JIA XIE, and XIE XIN YONG,              :
                                        :

                     Plaintiffs,               :      08 Civ. 6071 (SAS)

                                        :

                  v.                       :      **CLERK'S CERTIFICATE**

HAYASHI YA II, INC. d/b/a HAYASHI YA, HAYASHI   :
YA OF 9 AVENUE, LLC d/b/a HAYASHI YA, FENG    :
LIN, and YANG QING,                          :
                                        :

                  Defendants.            :

------------------------------------------------------------------------ X

         I, J. MICHAEL MCMAHON, Clerk of the United States District Court for

the Southern District of New York, do hereby certify that this action commenced on July

2, 2008 with the filing of a summons and complaint and that a copy of the summons and

complaint was properly served on Defendant Yang Qing on July 9, 2008 by personal

service.  Proof of such service thereof was filed on July 15, 2008.

         I further certify that the docket entries indicate that the defendant has not

filed an answer or otherwise appeared with respect to the complaint herein.  The default

of the defendant is hereby noted.

Dated: New York, New York
        Aug 19 2008

                                **J. MICHAEL MCMAHON**
                                Clerk of the Court

                 By: _____
                                  Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

TING YAO LIN, FANG LIN, SHENG LAN LI, MU LEI
XIE, TING JIA XIE, and XIE XIN YONG,

                    Plaintiffs,

          v.

HAYASHI YA II, INC. d/b/a HAYASHI YA, HAYASHI
YA OF 9 AVENUE, LLC d/b/a HAYASHI YA, FENG
LIN, and YANG QING,

                Defendants.

-------------------------------------------------------------------- X

08 Civ. 6071 (SAS)

**CLERK'S CERTIFICATE**

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for

the Southern District of New York, do hereby certify that this action commenced on July

2, 2008 with the filing of a summons and complaint and that a copy of the summons and

complaint was properly served on Defendant Feng Lin on July 9, 2008 by personal

service.  Proof of such service thereof was filed on July 15, 2008.

I further certify that the docket entries indicate that the defendant has not

filed an answer or otherwise appeared with respect to the complaint herein.  The default

of the defendant is hereby noted.

Dated: New York, New York
       Aug 19, 2008

                                  **J. MICHAEL MCMAHON**
                                    Clerk of the Court

By: _____
                                      Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                          :
TING YAO LIN, FANG LIN, SHENG LAN LI, MU LEI     :
XIE, TING JIA XIE, and XIE XIN YONG,                  :
                                                          :
                              Plaintiffs,              :     08 Civ. 6071 (SAS)
                                                          :
              v.                                          :
                                                          :     **CLERK'S CERTIFICATE**
HAYASHI YA II, INC. d/b/a HAYASHI YA, HAYASHI     :
YA OF 9 AVENUE, LLC d/b/a HAYASHI YA, FENG        :
LIN, and YANG QING,                                   :
                                                          :
                              Defendants.              :
                                                          :
-------------------------------------------------------------------- X

       I, J. MICHAEL MCMAHON, Clerk of the United States District Court for

the Southern District of New York, do hereby certify that this action commenced on July

2, 2008 with the filing of a summons and complaint and that a copy of the summons and

complaint was properly served on Defendant Hayashi Ya II, Inc., on July 9, 2008, by

personal service on Nikki Ni, Managing Agent of Defendant Hayashi Ya II, Inc.  Proof of

such service thereof was filed on July 15, 2008.

       I further certify that the docket entries indicate that the defendant has not

filed an answer or otherwise appeared with respect to the complaint herein.  The default

of the defendant is hereby noted.

Dated: New York, New York
          Aug 19, 2008

                            **J. MICHAEL MCMAHON**
                               Clerk of the Court
            By: _____
                               Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X
                                                          :

TING YAO LIN, FANG LIN, SHENG LAN LI, MU LEI   :
XIE, TING JIA XIE, and XIE XIN YONG,         :

                Plaintiffs,         :     08 Civ. 6071 (SAS)

               v.                   :

                                                   :     **CLERK'S CERTIFICATE**

HAYASHI YA II, INC. d/b/a HAYASHI YA, HAYASHI  :
YA OF 9 AVENUE, LLC d/b/a HAYASHI YA, FENG  :
LIN, and YANG QING,                :

              Defendants.       :

--------------------------------------------------------------------- X

       I, J. MICHAEL MCMAHON, Clerk of the United States District Court for

the Southern District of New York, do hereby certify that this action commenced on July

2, 2008 with the filing of a summons and complaint and that a copy of the summons and

complaint was properly served on Defendant Hayashi Ya of 9 Avenue, LLC on July 9,

2008, by personal service on Nikki Ni, Managing Agent of Defendant Hayashi Ya of 9

Avenue, LLC.  Proof of such service thereof was filed on July 15, 2008.

       I further certify that the docket entries indicate that the defendant has not

filed an answer or otherwise appeared with respect to the complaint herein.  The default

of the defendant is hereby noted.

Dated: New York, New York
       Avy 19, 2008

                                   **J. MICHAEL MCMAHON**
                                    Clerk of the Court

             By: _____
                                  Deputy Clerk